IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**REINA ISABEL PASTOR RIVERA,**

    Plaintiff,

vs.                                                        Case No. 1:15cv146-MP/CAS

**CAROLYN W. COLVIN, Acting
Commissioner of Social Security,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This is a Social Security case referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.2(D). It is now before the Court pursuant to 42 U.S.C. § 405(g) for review of the final determination of the Acting Commissioner (Commissioner) of the Social Security Administration (SSA) denying Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. After careful consideration of the record, it is recommended that the decision of the Commissioner be affirmed.

## I.  Procedural History

On January 6, 2010, Plaintiff, Reina Isabel Pastor Rivera, filed an application for SSI benefits alleging disability beginning December 15, 2005.  Tr. 18, 37.  (Citations to the Transcript/Administrative Record, ECF No. 12, shall be by the symbol "Tr." followed by a page number that appears in the upper right corner.)  The claim was initially denied on March 23, 2010, and upon reconsideration on August 10, 2010.  Tr. 18, 27-30, 37, 61, 53-64.  On September 20, 2010, Plaintiff requested a hearing.  Tr. 18, 37, 65.

On January 12, 2011, a video hearing was conducted in Ocala, Florida, by Administrative Law Judge (ALJ) John D. Thompson, Jr.  Tr. 18, 37, 478-522.    Plaintiff was represented by Pamela C. Dunmore, a non-attorney representative.  Tr. 18, 37, 98.  Plaintiff and her legal representative appeared in Ocala, Florida, and the ALJ presided over the hearing from Jacksonville, Florida.  Plaintiff testified with the assistance of a Spanish language translator.  Tr. 18, 37, 478.  Also testifying were Dr. Javier Barquet, an impartial medical expert, and Jackson C. McKay, M.S., C.R.C., an impartial vocational expert (VE).  Tr. 18, 37, 68-70 (Barquet Resume), 71 (McKay Resume), 478, 483-98, 517-21.  At the

outset of the hearing, Plaintiff amended the alleged onset date to the date the SSI application was filed on January 6, 2010.   Tr. 18, 37, 484.

On January 24, 2011, ALJ Thompson issued an adverse hearing decision finding that Plaintiff was not disabled.   Tr. 18, 37-43.   Plaintiff, through her legal representative, sought further review of this decision. Tr. 55-56, 103.   On June 15, 2012, the Appeals Council remanded the matter for a new hearing and decision on the basis that the record could not be located.   Tr. 55-56.   Pursuant to the order of remand, on September 23, 2013, ALJ Thompson conducted a supplemental video hearing and Plaintiff appeared and testified in Gainesville, Florida, represented by
Ms. Dunmore, now an attorney.   Tr. 18, 529-45.   A. Mark Capps, an impartial VE, testified.   Tr. 18, 128 (Resume), 546-52.   Plaintiff was again provided with a Spanish language interpreter to help with her testimony. Tr. 18, 525.

On October 30, 2013, ALJ Thompson entered a decision and determined that Plaintiff was not disabled.   Tr. 18-26.   On December 20, 2013, Plaintiff requested review of the ALJ's decision.   Tr. 13-14.   On May 21, 2015, the Appeals Council denied Plaintiff's request for review.   Tr. 1-

8.   The Appeals Council reviewed medical records from Palms Medical Group dated January 2014 through February 2014, further noted that the ALJ had decided her case through October 30, 2013, and that this new information was about a later time.   Tr. 6, 554-67.   As a result, the Appeals Council stated that it did "not affect the decision about whether [Plaintiff was] disabled beginning on or before October 30, 2013."   *Id*.   The Appeals Council told Plaintiff that she would have to apply again in order for the new information to be considered regarding whether she was disabled after October 30, 2013.   *Id.*   The evidence from Palms Medical Group was returned to Plaintiff for her future use.   *Id.*   The Appeals Council denial of Plaintiff's request for review of the ALJ's decision makes the ALJ's decision the final decision of the Commissioner.   S*ee* 20 C.F.R. § 416.1481.

On July 16, 2015, Plaintiff filed a Complaint in this Court.   ECF No. 1.   Both parties filed memoranda of law, which have been considered.   ECF Nos. 16 and 17.

## II.   Legal Standards Guiding Judicial Review

This Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct

legal principles. 42 U.S.C. § 405(g); Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted); accord Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Commissioner's factual findings are conclusive if supported by substantial evidence." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002) (citations omitted). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. Moore, 405 F.3d at 1211.[1]

"In making an initial determination of disability, the examiner must consider four factors: '(1) objective medical facts or clinical findings; (2)

---

[1] "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240, n.8 (11th Cir. 2004) (citations omitted). "A 'substantial evidence' standard, however, does not permit a court to uphold the Secretary's decision by referring only to those parts of the record which support the ALJ. A reviewing court must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." Tieniber v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983). "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (citations omitted).

diagnosis of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant and corroborated by [other observers, including family members], and (4) the claimant's age, education, and work history.'"  Bloodsworth, 703 F.2d at 1240 (citations omitted).

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do past relevant work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).   A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); see 20 C.F.R. § 416.909 (duration requirement).   Both the "impairment" and the "inability" must be expected to last not less than 12 months. Barnhart v. Walton, 535 U.S. 212 (2002).

The Commissioner analyzes a claim in five steps.   20 C.F.R. § 416.920(a)(4)(i)-(v).

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairments?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P?

4. Does the individual have the residual functional capacity (RFC) to perform work despite limitations and are there any impairments which prevent past relevant work?[2]

5. Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits.  A positive finding at step three results in approval of the application for benefits.  At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work.  Consideration is given to the

---

[2]  An RFC is the most a claimant can still do despite limitations.  20 C.F.R. § 416.945(a)(1).  It is an assessment based upon all of the relevant evidence including the claimant's description of her limitations, observations by treating and examining physicians or other persons, and medical records.  *Id.*  The responsibility for determining claimant's RFC lies with the ALJ.  20 C.F.R. § 416.946(c); *see* Social Security Ruling (SSR) 96-5p, 1996 SSR LEXIS 2, at *12 (July 2, 1996) ("The term *"residual functional capacity assessment"* describes an adjudicator's finding about the ability of an individual to perform work-related activities.  The assessment is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence, such as observations of lay witnesses of an individual's apparent symptomatology, an individual's own statement of what he or she is able or unable to do, and many other factors that could help the adjudicator determine the most reasonable findings in light of all the evidence.").

assessment of the claimant's RFC and the claimant's past relevant work. If the claimant can still do past relevant work, there will be a finding that the claimant is not disabled. If the claimant carries this burden, however, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy in light of the claimant's RFC, age, education, and work experience. Phillips, 357 F.3d at 1237; Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999); Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986); 20 C.F.R. § 416.920(a)(4)(v), (e) & (g). If the Commissioner carries this burden, the claimant must prove that he or she cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

### III. The ALJ's Findings

1. "The claimant has not engaged in substantial gainful activity since January 6, 2010, the application date." Tr. 20.

2. "The claimant has the following non-severe combination of impairments: history of Type II diabetes; history of hypertension; history of obesity; history [of] hyperlipidemia; history of diabetic gastroparesis and GERD controlled on medication; history of a right sided carpal tunnel release without further medical treatment and mild osteoarthritis of the cervical spine." Id.

3. "In the alternative, even if the claimant's impairments could be considered to be 'severe,' the claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 21.

4. "[T]he claimant has the residual functional capacity [RFC] to perform the full range of medium work as defined in 20 CFR 416.967(c) even if it should be concluded that such a 'severe' impairment(s) exist." Tr. 21.

5. "The claimant is capable of performing her past relevant work as a hotel housekeeper cleaner (DOT # 323.687-014). This work does not require the performance of work-related activities precluded by the claimant's credible [RFC]." Tr. 25. The ALJ noted that at the supplemental hearing, the vocational expert identified Plaintiff's past relevant work as "Housekeeping Cleaner, DOT # 323.687-014, Light Work as defined by the DOT, Performed at the light level according to the claimant with a SVP of 2."[3] Tr. 25.

6. "The claimant has not been under a disability, as defined in the Social Security Act, since January 6, 2010, the date the application was filed." Tr. 25.

---

[3] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a). A Specific Vocational Preparation (SVP) of two means "[a]nything beyond short demonstration up to and including 1 month." Dictionary of Occupational Titles (DOT) (4th ed., rev. 1991), Appendix C: Components of the Definition Trailer, § II, SVP. "[SVP] is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Id. Unskilled work corresponds to an SVP of one and two. Social Security Ruling (SSR) 00-4p, 2000 SSR LEXIS 8, at *8 (Dec. 4, 2000). Further, unskilled work is work involving understanding, remembering, and carrying out simple instructions; making simple work-related decision; dealing with changes in a routine work setting; and responding appropriately to supervision, co-workers, and usual work situations. SSR 85-15, 1985 SSR LEXIS 20, at *10-11 (1985). In part, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

## IV. Legal Analysis

Plaintiff argues the ALJ's determination that Plaintiff had past relevant work as a hotel housekeeper cleaner is not supported by substantial evidence. ECF No. 16 at 13-14. Plaintiff argues that she has never performed substantial gainful activity and has no past relevant work. *Id*. Plaintiff does not challenge any other aspect of the ALJ's decision, including the ALJ's determinations at steps two and three, his RFC assessment, or credibility findings. *Id*.

"(1) Definition of past relevant work. Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it. (*See* 416.965(a).)" 20 C.F.R. § 416.960(b)(1); *see* SSR 82-62, 1982 SSR LEXIS 27, at *2-3 (1982).[4] Claimants who can still do their past relevant

---

[4] "[T]he 15-year period is generally the 15 years prior to the time of adjudication at the initial, reconsideration or higher appellate level." 1982 SSR LEXIS 27, at *4-5. Substantial gainful activity is work activity that involves significant mental or physical activities and is usually performed for pay or profit. The "work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 416.972(a); Johnson v. Sullivan, 929 F.2d 596, 597 (11th Cir. 1991). "Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 416.972(b). Some activities are not considered substantial gainful activity such as "taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social

work are not disabled.   Plaintiff has the burden to demonstrate at step four that she could not perform any past relevant work.   20 C.F.R. §§ 416.920(a)(4)(iv) and 416.960(b).   Plaintiff did not meet this burden.

"The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work."   SSR 82-62, 1982 SSR LEXIS at *6-7.   "Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work)."   Id. at *7-8.

The record contains evidence (earnings records) of Plaintiff's past work that showed she earned $22,782.09 from 2002 through the first quarter of 2005.   See, e.g., Tr. 134, 142-43, 148-50, 153, 156-57, 160. The amount earned for each year was below the SGA monthly amount. Tr. 153, 160.[5]   "Earnings, however, are not dispositive."   Eyre v. Comm'r,

---

programs."   20 C.F.R. § 416.972(c).
    [5]   Social Security regulations set an average monthly-earnings threshold for SGA.   See 20 C.F.R. § 416.974(b)(2)(ii)(B); see Tr. 153, 160 (Plaintiff's earnings and monthly SGA amounts for 2002-2005).   "If a claimant receives wages exceeding those set out in an earnings guidelines table, a presumption arises that she was engaged in substantial gainful activity during that period."   Green v. Comm'r, Soc. Sec., 555 F. App'x 906, 908 (11th Cir. 2014) (unpublished) (citing 20 C.F.R. §§ 404.1574(b)(2);

Soc. Sec. Admin., 586 F. App'x 521, 524 (11th Cir. 2014) (unpublished). Even if the claimant's earnings are insufficient to raise a presumption of SGA, however, the ALJ can consider other information which may indicate that the claimant engaged in SGA.  Eyre, 586 F. App'x at 524 (stating that "[e]ven where the claimant's average monthly earnings were below the amount established by the earnings guidelines, if other evidence indicates that the claimant was engaged in substantial gainful activity" that information may be considered).

    Plaintiff testified during the hearing held on January 12, 2000, and during the supplemental hearing held on September 24, 2013.  Tr. 478, 523. The ALJ summarized Plaintiff's hearing testimony and stated that Plaintiff "repeated much of her earlier testimony with some exceptions." Tr. 22-23.   The following is a summary of her testimony relevant to the issue raised by Plaintiff.

    Plaintiff testified that she received a high school diploma when she lived in Puerto Rico.  Tr. 499, 529.  She is not able to read or write, but she can speak some English.  Tr. 499-500.  (She later testified that she could

---

416.974(b)(2)).   No presumption arose here.

not read, write, or speak English. Tr. 23, 530.) Plaintiff came to the United States in 1998. *Id.* She has a valid driver's license in the state of Florida and drives a few miles. Tr. 500, 530. She last worked in March 2005 as a housekeeper for a hotel in Gainesville, Florida. She testified she worked there part-time for three or five years. Tr. 23, 500-01, 530-31. Her duties included cleaning rooms. Tr. 501, 531. She spent most of the workday standing or walking. *Id*. During the first hearing, Plaintiff stated that the most she had to lift and carry from one location to the next was "maybe 60-70" pounds, "[t]he television, the ice chest." Tr. 501. (The ALJ stated that during the supplemental hearing Plaintiff testified she lifted and carried about 15 to 20 pounds on a daily basis, although the transcript states: "[inaudible] 50 to 20 pounds." Tr. 23, 531.)

She stopped working in 2005 because of "[d]izzines and lack of balance." Tr. 22, 502. She did not recall when she tried to return to work, but recalled it was not more hotel housekeeping. *Id*. She tried to do sewing and work as a seamstress, but did not recall when she last did so. *Id.* (Plaintiff did not recall when she last worked in Puerto Rico, although she worked full-time as a seamstress prior to 1995. Tr. 511-14.)

A VE testified during the first hearing on January 12, 2011.  Tr. 517-21.  The ALJ told the VE that Plaintiff had one job as a hotel housekeeper that was done for three years on a part-time basis and the VE stated that he did not need additional information.  Tr. 519.  The VE further testified that Plaintiff was able to perform her past relevant work the way it is described in the <u>Dictionary of Occupational Titles</u>. Tr. 519-21.  During the supplemental hearing on September 24, 2013, the ALJ told a different VE that Plaintiff had one prior job as a housekeeping cleaner and the VE advised that he did not need additional information.  Tr. 548.  The VE testified that Plaintiff was able to return to her past relevant work either as she did it or as it is customarily performed.  Tr. 548-49.  It does not appear that Plaintiff's representative suggested to the ALJ during either hearing that Plaintiff did not have any past relevant work.  Tr. 478-553.

Plaintiff did not prove her work as a hotel housekeeper cleaner for approximately four years (over three years with reported income (2002-2005)), Tr. 23, 153, 160, 500-01, 530-31, is not past relevant work.  Plaintiff offered no evidence during either hearing to rebut the ALJ's determination that she was able to perform her past relevant work as a hotel housekeeper cleaner.  Plaintiff's representative had the opportunity to question Plaintiff

and the VEs during both hearings regarding Plaintiff's past relevant work, but did not do so. Tr. 478-553. *See* Wright-Hines v. Comm'r of Soc. Sec., 597 F.3d 392, 396 (6th Cir. 2010); Barnes v. Sullivan, 932 F.2d 1356, 1358-59 and n.4 (11th Cir. 1991); *see also* Eyre, 586 F. App'x at 524 ("Furthermore, Eyre offered no evidence to rebut the ALJ's reasonable determination that she had engaged in substantial gainful activity as a kitchen helper and a hotel housekeeper. *See* Barnes, 932 F.2d at 1359.") Therefore, the ALJ was not obliged to specifically discuss whether this work met the requirements of past relevant work.[6] Substantial evidence supports the ALJ's determination that Plaintiff's hotel housekeeping jobs were past relevant work. *See* Moore, 405 F.3d at 1211.

## V. Conclusion

Considering the record as a whole, the findings of the Administrative Law Judge were based upon substantial evidence in the record and he

---

[6] This is not a case where the ALJ erred at step four when he determined that the plaintiff could perform past relevant work that he also determined was not SGA at step one, warranting remand. *See, e.g.*, Holmes v. Colvin, Case No. 4:13cv69-RH/CAS, 2013 U.S. Dist. LEXIS 183212 (N.D. Fla. Dec. 3, 2013), *adopted,* 2014 U.S. Dist. LEXIS 3752 (N.D. Fla. Jan. 10, 2014). Here, unlike Holmes, Plaintiff's past relevant work was performed *prior* (2002-2005, Tr. 153, 160) to the alleged onset date on January 6, 2010. 2013 U.S. Dist. LEXIS 183212, at *37 n.11.

correctly followed the law.   Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 3, 2016.

s/   Charles A. Stampelos<br>
**CHARLES A. STAMPELOS**<br>
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.   A party may respond to another party's objections within 14 days after being served with a copy thereof.   Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**